IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID POTTER, #217 756, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:17-CV-474-WKW |
| | ) [WO] |
| STATE OF ALABAMA,[1] et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2241. Potter, David Potter, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, complains that he has been denied the right to a speedy trial based on charges pending against him in the Circuit Court for Houston County, Alabama, for promoting prison contraband in violation of Ala. Code § 13A-10-36. Potter requests that he be brought to trial promptly on this outstanding detainer.[2] Doc. 1.

In an answer filed on August 1, 2017, Respondents assert that Potter has failed to exhaust available state remedies regarding each claim now pending before this court. Specifically, Respondents indicate that the trial court scheduled a hearing on August 2, 2017, to address Potter's

---

[1] Although Potter names the State of Alabama as a respondent, a petitioner's "immediate custodian," generally meaning "the warden of the facility where the prisoner is being held," is the proper respondent to a 28 U.S.C. § 2241 petition challenging a prisoner's present physical confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

[2] Potter entered a guilty plea to unlawful failure to return on May 2, 2016. The trial court sentenced him to six months' imprisonment, to be served in the Houston County Community Corrections Program. The trial court also directed that the sentence run concurrent with Potter's 2015 conviction for obstruction of justice—false identity (DC 15-003339) for which he is serving a fifteen-year term of imprisonment. Doc. 10-1; *see also* http://www.doc.state.al.us/InmateHistory.aspx.

1

promoting prison contraband charge. Respondents maintain that Potter's speedy trial violation claim may properly be brought in the pending state court action, and that court can address the claim presented by him in this case. Docs. 10, 10-3, 10-4, 10-5.

In light of this argument, the court entered an order affording Potter an opportunity to show cause why this habeas petition should not be dismissed for his failure to exhaust available state remedies. Potter filed no response. Upon consideration of Respondents' answer and supporting evidentiary material, the court concludes the petition for habeas relief is due to be denied and dismissed without prejudice for Potter's failure to exhaust state remedies.

## I. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254—including exhaustion of state remedies—apply to" Potter as he challenges the validity of state court actions which remain a potential basis for his confinement until resolution of the criminal charges pending against him in state court. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes, § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. For that reason, even though [Potter] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the action he seeks to challenge arises from the orders of a state court. *Id.* at 1302–1303 (internal quotations and citations omitted).

The law directs this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. § 2254(1)(b)(1)(A). State remedies are ordinarily not considered exhausted if a petitioner may present his claims to the state courts by any available and adequate procedure.

*Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 27–78 (1971). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

The evidentiary materials filed in this case establish that Potter has not exhausted his available state court remedies regarding his denial of a speedy trial claim. In addition, to the extent that Potter seeks to present a federal defense to the charges lodged against him, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (internal citation omitted). The law is settled that to circumvent the exhaustion requirement, a petitioner must demonstrate there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). ). This court does not deem it appropriate to rule on the merits of Potter's speedy trial claim without requiring that he first exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

> Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts [all] available state [court] remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris,* 401 U.S. 37, 44–46 & 53–54 (1971); *see Braden,* 410 U.S. at 489; *Hughes v. Att'y Gen. of Fla.,* 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional

> circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden,* 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.
>
> [Petitioner] has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck,* 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana,* 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, [as discussed above, Petitioner] fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of [Petitioner's] constitutional claims either before trial or, in the event [Petitioner] is convicted, through appellate and post-conviction proceedings.
>
> For the reasons noted above, this court concludes that [Petitioner] has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective and that would warrant federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized in this case. *See Braden,* 410 U.S. at 493. After exhausting available state remedies, [Petitioner] may pursue federal habeas proceedings.

*Robinson v. Hughes*, 2012 WL 255759, at *2-3 (M.D. Ala. Jan. 5, 2012), *adopted at* 2012 WL 253975 (Jan. 27, 2012).

Upon review of the pleadings and the record, it is clear that Potter not exhausted his available state court remedies with respect to the claim presented in the petition for habeas corpus relief. The court finds no basis for federal court interference in the normal functioning of the state's criminal processes. *See Peterson v. Dahl*, 192 F. App'x. 632 (9th Cir. 2006). Even if one or more of the claims presented constitutes possible defenses to the state criminal charges, a federal court

4

should abstain from considering those claims out of deference to the state courts. *Younger*, 401 U.S. at 41. Alabama's state courts have adequate and effective state procedures for review of Potter's constitutional claims either before trial or in the event he is convicted of the charges pending against him. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493. After the state proceedings are concluded, Potter may pursue federal habeas proceedings after exhausting available state remedies.

In light of the foregoing, the court concludes this petition is due to be dismissed without prejudice to Potter's right to seek federal habeas corpus relief after the conclusion of available state proceedings. See 28 U.S.C. § 2254(1)(b)(2).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief (Doc. 1) be DENIED.

2. The petition be DISMISSED without prejudice to allow Petitioner an opportunity to exhaust available state court remedies with respect to the speedy trial claim pending before this court.

It is further ORDERED that **on or before November 10, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-

to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of October, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge